UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-518 AG (MLGx)** | Date | May 9, 2011 |
|---|---|---|---|
| Title | THC-ORANGE COUNTY, INC. v. NATIONAL ASSOCIATION OF LETTER CARRIERS HEALTH BENEFIT PLAN | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE**

This case involves a contractual dispute between a health care provider and a sponsor of a health plan (the "Plan"). Plaintiff THC-Orange County, Inc. ("Plaintiff"), alleges that Defendant National Association of Letter Carriers Health Benefit Plan ("Defendant") breached a contract between the parties. Plaintiff filed this case in state court, bringing state law causes of action for breach of contract and negligent misrepresentation. Defendant later removed this case to federal court based on federal question jurisdiction, arguing that although Plaintiff brought state law causes of action, these causes of action are preempted by federal law. This Court had concerns as to whether it had subject matter jurisdiction over the case, and therefore it Ordered Defendant to Show Cause ("OSC") why this case should not be remanded.

After reviewing all papers and arguments submitted, the Court finds that subject matter jurisdiction is lacking, and therefore the Court REMANDS the case to Orange County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-518 AG (MLGx)** | Date | May 9, 2011 |
|---|---|---|---|
| Title | THC-ORANGE COUNTY, INC. v. NATIONAL ASSOCIATION OF LETTER CARRIERS HEALTH BENEFIT PLAN | | |

## **BACKGROUND**

Plaintiff is a California corporation that operates Kindred Hospital of Westminster ("Kindred Hospital"). (Complaint ¶ 1.) Defendant is a voluntary employees' beneficiary association that is responsible for sponsoring and administrating health care benefits for its members. (*Id.* ¶ 2.) The Plan, administered by Defendant, was for the benefit of federal employees and was created under the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.* (*See generally* Complaint.)

Plaintiff alleges that Defendant breached a contract between the parties, and involving a third party, that was formed outside of the Plan. Here's the background on Plaintiff's allegations. Plaintiff alleges that a third party, Multiplan, Inc. ("Multiplan"), formed various contracts with hospitals, physicians, and health care plans (collectively, the "Multiplan Contracts") concerning medical care and payment requirements under various health care plans. (*Id.* ¶ 7.) Specifically, under the Contracts, hospitals and physicians agreed to provide health care to enrollees of health plans, and health plans registered as "Payor signatories" that agreed to pay the hospitals for their services. (*Id.*)

Plaintiff alleges that the parties entered into such a Multiplan Contract. (*See id.* ¶¶ 8-9.) And Defendant allegedly breached this Multiplan Contract by failing to pay Plaintiff approximately $180,000 for medical care costs incurred by a patient (the "Patient") admitted at Kindred Hospital. (*Id.* ¶ 17.)

Based on these allegations and others, Plaintiff filed this action in California Superior Court for breach of written contract and negligent misrepresentation. (*See generally id.*) Defendant removed the action, arguing that FEHBA, 5 U.S.C. § 8901 *et seq.* completely preempts Plaintiff's state law causes of action.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-518 AG (MLGx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | THC-ORANGE COUNTY, INC. v. NATIONAL ASSOCIATION OF LETTER CARRIERS HEALTH BENEFIT PLAN | | |

**PRELIMINARY MATTER**

Defendant filed a Response to the Court's OSC, and Plaintiff in turn filed a Reply. On April 29, 2011, Defendant filed a Sur-Reply to Plaintiff's Reply. Plaintiff responded by filing an objection to Defendant's Sur-Reply and, not wanting to be outdone by Defendant, it also filed a Sur-Sur-Reply on May 4, 2011.

The briefing schedule set by this Court clearly did not authorize either the April 29 or the May 4 filing. Accordingly, these inappropriate filings are STRICKEN, and the Court did not consider them in making its ruling. Plaintiff's objection is moot.

**LEGAL STANDARD**

Removal to federal court is governed by 28 U.S.C. § 1441. Whether an action is properly in federal court on the basis of removal jurisdiction "depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997); 28 U.S.C. 1441(a). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). The removing defendant has "'always' borne the burden of establishing federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (quoting *Gaus*, 980 F.2d at 566).

**ANALYSIS**

"FEHBA requires that [the Office of Personnel Management ("OPM")] contract with qualified insurers so that the insurers can provide healthcare benefits for federal employees." *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*,

CIVIL MINUTES - GENERAL
Page 3 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-518 AG (MLGx)** | Date | May 9, 2011 |
|---|---|---|---|
| Title | THC-ORANGE COUNTY, INC. v. NATIONAL ASSOCIATION OF LETTER CARRIERS HEALTH BENEFIT PLAN | | |

497 F.3d 972, 975 (9th Cir. 2007) (citing 5 U.S.C. § 8902). "FEHBA's preemption provision, 5 U.S.C. § 8902(m)(1), ensures that FEHBA benefits are administered uniformly." *Id.* (citation omitted). The preemption provision states:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

*Id.*

The Ninth Circuit has taken this provision and stated a two-part test that determines when a state-law cause of action is preempted by FEHBA: "To preempt state-law causes of action, federal law must both (1) provide remedies that displace state law remedies (displacement of remedies) and (2) conflict with state law (conflict preemption)." *Id.*

The Court now turns to whether these two prongs are met. For the reasons that follow, neither of the prongs are met, and Plaintiff's state-law causes of action are not preempted by FEHBA. Therefore federal jurisdiction does not exist over this matter, and remand is appropriate.

**1. DISPLACEMENT OF REMEDIES**

"FEHBA's implementing regulations make clear that OPM has created a remedial mechanism solely for the claims of 'covered individuals,' not for the claims of providers." *Id.* "A 'covered individual' is defined as 'an enrollee or a covered family member.'" *Id.* (citing § 890.101(a)). "A 'claim' is defined as a request for 'payment of a health-related bill' or 'provision of a health-related service or supply.'" *Id.* (citing § 890.1010(a)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-518 AG (MLGx)** | Date | May 9, 2011 |
|---|---|---|---|
| Title | THC-ORANGE COUNTY, INC. v. NATIONAL ASSOCIATION OF LETTER CARRIERS HEALTH BENEFIT PLAN | | |

Here, Plaintiff is a health care provider, not a covered individual, and therefore causes of action brought by Plaintiff would not typically be covered by FEHBA's remedial mechanism. Regardless, Defendant argues that Plaintiff's causes of action in this case are barred by FEHBA. Specifically, Defendant argues that the Patient's rights under the Plan have been assigned to Plaintiff, and Plaintiff has therefore stepped into the shoes of the Patient, a covered individual, concerning causes of action brought against Defendant. Thus, Defendant argues, "the Hospital's claim is as subject to complete preemption as if the Patient himself had brought the suit." (Response at 15:25-27.) But the Court concludes even if the Patient's rights under the Plan were assigned to Plaintiff, Defendant's argument fails.

Defendant is correct that "FEHBA's implementing regulations do permit 'other individuals or entities' to pursue a claim administratively if they are 'acting on behalf of a covered individual . . . .'" *Cedars-Sinai* 497 F.3d at 975 (citing § 890.105(a)(2)). In other words, where a health care provider pursues administrative claims on behalf of an assignor, FEHBA's remedial mechanism would govern these administrative claims.

But here, Plaintiff's complaint does not allege that Plaintiff is pursuing the Patient's administrative claims. (*See* Complaint.) Instead, Plaintiff is bringing a breach of contract causes of action based on its own contractual rights under the Multiplan Contract.

Since Plaintiff is asserting its own contractual rights, and not the Patient's administrative rights, nothing prevents Plaintiff from bringing its state court causes of action. "[FEHBA's] preemption mechanism was not designed for, nor available to resolve, contractual disputes between carriers and health care providers." *Cedars-Sinai* 497 F.3d at 975. "By the express terms of FEHBA's implementing regulations, the administrative process is confined to requests for 'payment of a health-related bill' or 'provision of a health-related service or supply' that are 'filed under the plan.' *Id.* (citing §§ 890.101(a), 890.105(a)(1)).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-518 AG (MLGx)** | Date | May 9, 2011 |
|---|---|---|---|
| Title | THC-ORANGE COUNTY, INC. v. NATIONAL ASSOCIATION OF LETTER CARRIERS HEALTH BENEFIT PLAN | | |

Plaintiff's breach of contract cause of action is not brought "under the plan." Instead, as noted, it is predicated on the alleged contract between a carrier and a medical services provider. *See id.* And although the Multiplan Contract generally concerns the Plan, Plaintiff properly seeks to assert its rights under this independent contract, and not the Plan. Defendant provides no persuasive argument that Plaintiff should be prevented from asserting these independent contractual rights, even if the Patient assigned his rights to Plaintiff.

Defendant cites *Botsford v. Blue Cross & Blue Shield of Montana, Inc.*, 314 F.3d 390 (9th Cir. 2002), to support its argument that Plaintiff's breach of contract cause of action is preempted by FEHBA. In *Botsford*, a covered individual "assert[ed] that Blue Cross did not pay him the amount to which he was entitled under his FEHBA plan." *Botsford*, 314 F.3d at 395. The individual therefore brought a state law fraud claim against Blue Cross. *Id.* at 392. The Ninth Circuit held that "although Botsford stated his claim as a breach of state law," his claim centered on a dispute over the amount of benefits received by a covered individual, and therefore his claim was preempted. *Id.*

But unlike in *Botsford*, Plaintiff here is not a covered individual bringing a cause of action for unpaid benefits. Instead, it is a health care provider asserting that Defendant breached an entirely separate contract, the Multiplan Contract. And despite Defendant's assertion that Plaintiff has "stepped into the shoes" of the Patient due to an assignment of the Patient's rights, this possible assignment does not convert Plaintiff's breach of contract cause of action under the Multiplan Contract into one based on Patient's rights under the Plan.

Accordingly, FEHBA has not displaced Plaintiff's state law remedies for its cause of action concerning the alleged breach of the Multiplan Contract, and Plaintiff's state law causes of action are not preempted.

Although this conclusion alone is enough to determine that federal jurisdiction does not

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-518 AG (MLGx)** | Date | May 9, 2011 |
|---|---|---|---|
| Title | THC-ORANGE COUNTY, INC. v. NATIONAL ASSOCIATION OF LETTER CARRIERS HEALTH BENEFIT PLAN | | |

exist over this matter, for completeness the Court now briefly turns to the second prong of FEHBA preemption, whether federal law conflicts with state law.

## 2. CONFLICT PREEMPTION

As noted, Plaintiff's causes of action are brought by a third-party hospital which could not be not considered a "covered individual" or other relevant party under FEHBA. Consequently, Plaintiff does not have a remedy for breach of the Multiplan Contract under FEHBA. Without this potential remedy, there can be no conflict between state and federal law, and therefore this prong of the FEHBA preemption test is also not met.

## 3. CONCLUSION

Defendant also states arguments concerning why Plaintiff's causes of action must fail, including an argument that the Multiplan Contract is not between Plaintiff and Defendant. But these arguments are misplaced. Whether Plaintiff has stated valid causes of action, or whether it will ultimately prevail on these causes of action, is irrelevant as to whether this Court may properly hear this case.

Concerning whether this case is properly before this Court, Plaintiff's causes of action do not meet both requirements for complete preemption—displacement of remedies and conflict of laws. Therefore Plaintiff's causes of action are not preempted, and this Court lacks jurisdiction to hear this matter. Remand to state court is appropriate.

**DISPOSITION**

The Court REMANDS the case to Orange County Superior Court.

:  0

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-518 AG (MLGx)** | Date | May 9, 2011 |
|---|---|---|---|
| Title | THC-ORANGE COUNTY, INC. v. NATIONAL ASSOCIATION OF LETTER CARRIERS HEALTH BENEFIT PLAN | | |

| | Initials of Preparer | lmb |
|---|---|---|